```
                UNITED STATES DISTRICT COURT
                   DISTRICT OF MINNESOTA
                     03-CR-217(JMR/FLN)
                       05-CV-500(JMR)
```

United States of America    )
                            )            ORDER
      v.                    )
                            )
Candelario Herrera          )


   This matter is before the Court on Mr. Herrera's petition for relief under 28 U.S.C. § 2255.  The petition is denied.

I. Background

   On September 12, 2003, petitioner pleaded guilty to distributing methamphetamine in violation of federal law.  The plea agreement did not contemplate his assistance to the government in exchange for a reduced sentence.  Prior to the sentencing hearing, the government sent petitioner a letter promising that if he provided substantial assistance, a motion for downward departure would be made.  At the time of sentencing, the government did not make the motion, and on February 11, 2004, petitioner was sentenced to 97 months in prison.

   Petitioner now claims ineffective assistance of counsel. According to petitioner, he provided assistance to the government, which led to an arrest, and his attorney was ineffective for failing to bring his assistance to the Court's attention. Petitioner also claims the government did not honor its promise.

The ultimate issue is what assistance, if any, petitioner provided. He claims he provided substantial assistance by revealing the name of an alleged drug dealer, which led to the dealer's capture and arrest. The government does not deny that petitioner gave it the drug dealer's name, but claims the arrest resulted from an independent investigation which had nothing to do with petitioner's assistance.

An evidentiary hearing was held in this matter on August 1, 2005. After hearing all of the evidence, the Court found that the drug dealer's arrest was the result of an independent government investigation, of which petitioner's proffer was not a part.

II. Discussion

    A.   Ineffective Assistance of Counsel

Claims of ineffective assistance of counsel are analyzed under the two-part test announced in Strickland v. Washington, 466 U.S. 668 (1984). Petitioner must show: 1) "counsel's representation fell below an objective standard of reasonableness," id. at 688; and 2) "but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

        1.   Counsel's Representation was Effective

Petitioner has failed to show that his attorney's representation was unreasonable in any way. He claims his attorney failed to move for a downward departure for his substantial assistance, and did not help him in his efforts to cooperate with

the government after sentencing.  The Court has determined that petitioner did not provide substantial assistance to the government.  It is not unreasonable conduct for an attorney to decline to advance a losing argument.  Clemons v. Armontrout, 921 F.2d 187, 191 (8th Cir. 1990).  Insofar as petitioner argues that his counsel failed to facilitate his cooperation, he has provided no evidence to support that claim.  It appears that petitioner was ably represented by counsel.

      2.  <u>Petitioner Was Not Prejudiced</u>

Even if petitioner's attorney had performed unreasonably, petitioner is unable to show any prejudice.  His claim rests upon his assertion that he provided substantial assistance to the government by providing the name of an alleged drug dealer.  But this Court's determination that the second drug dealer's apprehension was not the result of petitioner's proffer precludes him from obtaining any relief.  Having provided no substantial assistance, he is ineligible for a downward departure.  Further, he fails to show that he suffered prejudice from counsel's representation.

     B.  <u>Agreement with the Government</u>

Petitioner also argues that the government failed to uphold its agreement by filing a motion for downward departure. Preliminarily, the Court notes that filing a motion for a downward departure is within the government's discretion.  <u>United States v.</u>

Mullins, 399 F.3d 888 (8th Cir. 2005). Even if the government were obligated to move for a downward departure in exchange for petitioner's substantial assistance, here, no such assistance was provided. The government conducted its own investigation and made arrests independent of any information from petitioner. Petitioner did not provide substantial assistance in this case; no downward departure is due to him.

III. Certificate of Appealability

The Court has also considered whether it is appropriate to issue a Certificate of Appealability ("COA"). See Tiedeman v. Benson, 122 F.3d 518 (8th Cir. 1997). The Court concludes that no issue raised is "debatable among reasonable jurists." Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994) (citing Lozada v. Deeds, 498 U.S. 430, 432 (1991) (per curiam)). Petitioner has not, therefore, made the "substantial showing of the denial of a constitutional right" necessary for issuance of a COA. 28 U.S.C. § 2253(c)(2).

Accordingly, based on the files, records, and proceedings herein, IT IS ORDERED that:

1. Petitioner's motion for relief pursuant to § 2255 [Docket No. 33] is denied.

2. No Certificate of Appealability will be issued in this case.

Dated:  October 24th, 2005

                                             s/ JAMES M. ROSENBAUM
                                            JAMES M. ROSENBAUM
                                            United States Chief District Judge